UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY D. MAGNESS** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | SECTION |
| | * | |
| **RANDI EATON, STATE FARM** | * | |
| **MUTUAL AUTOMOBILE INSURANCE** | * | JURY TRIAL REQUESTED |
| **COMPANY, AND STATE FARM** | * | |
| **FIRE AND CASUALTY COMPANY** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

The petition of Jerry D. Magness (hereinafter, "Magness"), a person of the full age of majority and resident/domiciliary of the Parish of St. Tammany, State of Louisiana, respectfully represents:

1.

Made defendants herein are:

a) Randi Eaton (hereinafter, "Eaton"), who, upon information and belief, is a person of the full age of majority, and a resident and domiciliary of Carriere, Mississippi;

b) State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm"), a foreign liability insurance company authorized to do and doing business within the State of Louisiana; and

c) State Farm Fire and Casualty Company (hereinafter, "State Farm Fire"), a foreign liability insurance company authorized to do and doing business within the State of Louisiana.

1

2.

Jurisdiction is vested in this Court pursuant to 28 U.S.C § 1332 as each of the parties to this controversy are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00.

3.

Venue is proper in this Court as this controversy involves an automobile accident occurring within the Parish of St. Tammany, State of Louisiana, and the injuries resulting therefrom.

4.

On or about February 17, 2016, Petitioner Magness was wearing his seatbelt, and driving his 2003 Ford Expedition proceeding northbound on Pontchartrain Drive near the intersection of Broad Street in Slidell, Louisiana at approximately 35-40 miles per hour.

5.

At the same time Petitioner Magness neared the intersection of Pontchartrain Drive and Broad Street, Defendant Eaton was driving a 1993 Chevrolet Lumina southbound on Pontchartrain Drive and attempted to execute a left-hand turn into a private drive causing a head-on collision with Petitioner Magness' vehicle.  The impact of this collision caused substantial damage to both vehicles, and rendered Petitioner Magness' 2003 Ford Expedition a total loss.

6.

As a result of the accident, Defendant Eaton was cited for careless operation of a motor vehicle, no driver's license, and no insurance.

4837-3167-7761, v. 1

7.

The sole and proximate cause of this accident and the injuries sustained by Petitioner Magness is the negligence, carelessness and inattention of Defendant Eaton in the following non-exclusive particulars:

- a) Careless operation of a motor vehicle;
- b) Failure to yield to the right of way;
- c) Failing to see what should have been seen;
- d) Failing to act as a reasonably prudent person under the prevailing circumstances; and

such other acts of omission or commission which may be proved at trial hereof; all in contravention of the ordinances, statutes, rules and/or regulations of the City of Slidell, Parish of St. Tammany, and State of Louisiana, all of which are pleaded herein as if copied *in extenso*.

8.

As a direct and proximate result of this accident, Petitioner Magness suffered multiple injuries, including but not limited to:

- a) injuries to his head, neck, and/or back;
- b) injuries to his left hand, hip and knee;
- c) headaches and vertigo;
- d) bilateral subdural hematomas;
- e) traumatic brain injury;
- f) aggravation of a pre-existing depression and/or anxiety; and
- g) any and all other injuries as shown at trial or through discovery in this matter.

9.

As a direct and proximate result of this accident, Petitioner Magness has suffered damages, including but not limited to:

a) Past, present and future physical pain and suffering;

b) Past, present and future mental anguish;

c) Past, present and future emotional distress;

d) Past, present and future loss of enjoyment of life;

e) Past, present and future medical expenses;

f) Cognitive decline;

g) Future disability; and

h) Any and all other damages as shown at trial or through discovery in this matter.

10.

Upon information and belief, neither Eaton nor the owner of the 1993 Chevrolet Lumina she was operating had a policy of liability insurance in force and effect on the date of the crash that would cover the losses Petitioner Magness sustained.

11.

State Farm issued a policy of Uninsured-Underinsured Motorist Insurance to Petitioner Magness with limits of $250,000 per person, $500,000 per accident which was in effect at all material times herein.  Petitioner Magness avers this policy of insurance covers the losses he sustained herein, and renders State Farm liable for all damages sued for herein.

12.

State Farm Fire issued a Personal Liability Umbrella to Petitioner Magness with limits of $2,000,000 which was in effect at all material times herein.  Petitioner Magness avers

the Personal Liability Umbrella includes uninsured/underinsured motorist insurance protection, and covers all damages suffered by Magness which exceed the scope of coverage provided by State Farm up to the limit of $2,000,000.

13.

On November 23, 2016, State Farm tendered $60,400 in uninsured motorist insurance benefits to Petitioner Magness.

14.

On November 25, 2016, undersigned counsel forwarded copies of Petitioner Magness' medical and billing records pertaining to the accident to State Farm and State Farm Fire along with a spreadsheet summarizing same.  In total, the medical and billing records forwarded to State Farm totaled over $315,000.

15.

According to United States Postal Service records, State Farm and State Farm Fire received undersigned counsel's November 25, 2016 letter and Petitioner Magness' medical and billing records to date totaling over $315,000 on November 29, 2016.  Despite receipt of these records over sixty days ago, and despite repeated amicable demand, State Farm and State Farm Fire have failed to tender any additional uninsured motorist insurance benefits to Petitioner Magness.

**BAD FAITH – FAILURE TO UNCONDITIONALLY PAY UNDISPUTED AMOUNTS DUE WITHIN THIRTY DAYS OF RECEIPT OF SATISFACTORY PROOF OF LOSS**

16.

Pursuant to Louisiana Revised Statute Title 22, Section 1892(A)(1), all insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured.

17.

Upon information and belief, State Farm and State Farm Fire violated Louisiana Revised Statute Title 22, Section 1892(A)(1) in connection with adjustment of Petitioner Magness' underinsured motorist claim insofar as State Farm and State Farm Fire received satisfactory proof of loss of same no later than November 29, 2016, and failed to unconditionally tender all undisputed amounts due under the uninsured motorist insurance provisions of Magness' policies within thirty days despite repeated amicable demand.  Further, State Farm and State Farm Fire have continually received additional information in support of Petitioner Magness' uninsured motorist insurance claim, and have continually failed to unconditionally tender all undisputed amounts due within thirty days of receipt of same.

17.

Upon information and belief, State Farm and State Farm Fire's continued failure to unconditionally tender all undisputed amounts due under the uninsured motorist insurance benefits of Petitioner Magness' policies was arbitrary, capricious and without probable cause.

18.

Insofar as State Farm and/or State Farm Fire's violation of Louisiana Revised Statute Title 22, Section 1892(A)(1) in connection with adjustment of Petitioner Magness' uninsured motorist claim was arbitrary, capricious or without probable cause, State Farm and State Farm Fire are liable to Petitioner Magness for penalties in the amount of fifty percent (50%) of the damages on the amount found to be owed by State Farm and/or State Farm Fire to Petitioner Magness, or one thousand dollars, whichever is greater, plus reasonable attorney's fees and costs.

**BAD FAITH – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

19.

Pursuant to Louisiana Revised Statute Title 22, Section 1973(A), an insurer owes its insured an affirmative duty to adjust claims fairly and promptly, and to make a reasonable effort to settle claims with the insured.  Any insurer who breaches these duties shall be liable for any damages sustained by the breach.

20.

Pursuant to Louisiana Revised Statute Title 22, Section 1973(B)(5), failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause is a breach of the duty imposed by Section 1973(A).  Upon breach of the duty imposed by Section 1973(A), in addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, a claimant may be awarded penalties against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

21.

State Farm and State Farm Fire failed to pay the amount of the claim due Petitioner Magness within sixty days after receipt of satisfactory proof of loss from Petitioner Magness thus violating Louisiana Revised Statute Title 22, Section 1973(A).

22.

Upon information and belief, State Farm and State Farm Fire's failure to pay the amount due Petitioner Magness within sixty days after receipt of satisfactory proof of loss was arbitrary, capricious, and without probable cause.

23.

Insofar as State Farm and State Farm Fire's violation of Louisiana Revised Statute Title 22, Section 1973(A) in connection with adjustment of Petitioner Magness' uninsured motorist claim was arbitrary, capricious or without probable cause, State Farm and State Farm Fire are liable to Petitioner Magness for general or special damages resulting from the breach along with penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

## TRIAL BY JURY

24.

Petitioner Magness requests a trial by jury on all issues.

**WHEREFORE**, Petitioner Jerry D. Magness prays that each of the defendants be served with a copy of the foregoing Complaint for Damages and be summoned to appear and answer same; and after due proceedings be had, there be judgment in favor of Petitioner Magness against the defendants, Randi Eaton, State Farm Mutual Automobile Insurance Company, and State Farm Fire and Casualty, jointly, severally, and *in solido* in an amount as may be reasonable in the premises to compensate Petitioner for his damages as may be determined upon the trial hereof, together with legal interest thereon from date of judicial demand until paid, and for penalties, attorney's fees and all costs of this proceeding, and for all general and equitable relief appropriate under the facts of this case and law.

Respectfully submitted,

/s/ *Keith L. Magness*

_____
Keith L. Magness, T.A. (29962)
klm@magnesslaw.com
Law Office of Keith L. Magness, LLC
901 Derbigny Street
Gretna, Louisiana 70053
Telephone: (504) 264-5587
Facsimile:  (504) 264-5580

Counsel for Plaintiff,
Jerry D. Magness

4837-3167-7761, v. 1