UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY D. MAGNESS | CIVIL ACTION |
| v. | NO. 17-922 |
| RANDI EATON, ET AL. | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the plaintiff's motion for default judgment as to liability of Randi Eaton, noticed for submission on July 26, 2017, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] This case arises from a car accident in which the plaintiff alleges that defendant Randi Eaton was driving a 1993 Chevrolet Lumina southbound on Pontchartrain Drive, and crossed over the center line, causing a head-on collision with the plaintiff's vehicle. The plaintiff contends that he has suffered multiple serious injuries that have required multiple surgeries. Ms. Eaton was cited for careless operation of a motor vehicle, no driver's license, and no insurance. When Ms. Eaton failed to appear for the citation, an attachment was issued for her arrest. Ms. Eaton testified at her deposition that she intends to pay the required fine. Despite being personally served, Ms. Eaton has failed to answer or otherwise appear, and the Clerk of Court entered a default against Ms. Eaton pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Ms. Eaton still has not appeared.

that the plaintiff's motion for default judgment as to liability of Randi Eaton is hereby GRANTED as unopposed. The issue of damages must await trial.[2]

New Orleans, Louisiana, July 27, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

The plaintiff submits that a default judgment should now issue. The Court agrees. The prerequisites for a default judgment are present in this matter. Indeed, the factors support the plaintiff; Ms. Eaton's willful failure to appear supports issuing a default judgment. Ms. Eaton's default was not caused by good faith mistake or excusable neglect and despite being served, Ms. Eaton has admitted to counsel that she received process, yet has failed to appear. Because the plaintiff seeks only a judgment as to Ms. Eaton's liability at this time and damages resulting therefrom, a default judgment would not be overly harsh; the issue of what damages, if any, the plaintiff is entitled to compensate him, and any liability or damages on the part of State Farm's alleged bad faith claims handling practices, are reserved for trial. As to whether there are material issues of fact, Ms. Eaton through her default has admitted to the facts as established by the plaintiff's pleadings. Moreover, there has been no substantial prejudice to Ms. Eaton, given that she received proper notice of the complaint. The Court observes that Ms. Eaton has also consulted with counsel and participated in a videotaped deposition. Notwithstanding having been properly served with summons and complaint several months ago, Ms. Eaton has failed to appear such that the grounds for default are clearly established. See Fed. R. Civ. P. 55; see also Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

[2] The default judgment against Ms. Eaton has no bearing on the liability and damages issues that remain to be tried against State Farm.